**Aaron ARNOLD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40854.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Rehearing Denied Jan. 17, 1968.

W. John Allison, Jr. (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Joe K. Hendley and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for robbery, life.

The first ground of error challenges the sufficiency of the evidence to sustain a conviction for felony theft.

The indictment alleged the theft of certain described deodorants, cologne, after shave lotion and cosmetic set, the values of which were alleged separately and alleged to be of the total value of over $50.00, from Wayne Littrell.

The state offered evidence to the effect that on June 14, 1966, appellant came into the Skillern's Drug Store at 4601 McKinney, in the City of Dallas, of which Wayne

Littrell was manager; walked up to a display that had just been built at the cosmetic counter and started putting things under his belt and shirt. He then went out the door that he came in (which led to the parking lot) and shortly thereafter came back to the same spot; started cramming things under his shirt, working fast, and again left through the same door and again returned to the cosmetic counter and again left the store.

Furnished the license number of the car he drove away, officers located the car and, as appellant came to it and said it was his car, placed him under arrest.

Property found in the car was identified by Mr. Littrell as belonging to Skillern's, taken from the store of which he was manager without his consent.

The property found in the car and identified by Mr. Littrell answers the description of the property alleged to have been stolen and the value of each article shown by the testimony of Mr. Littrell corresponds with the values alleged, the total value being $63.75.

Testifying in his own behalf, appellant admitted that he stole some of the merchandise from the Skillern Store of which Mr. Littrell was manager, but testified that nine of the bottles of merchandise were stolen by him from another Skillern's Store in Dallas earlier in the day.

It is upon appellant's testimony that he took property of the value of less than $50.00 from each of the two Skillern's Stores that the sufficiency of the evidence to sustain his conviction for felony theft is predicated.

The issues as to the property being taken from Wayne Littrell and being of the value of over $50.00 were submitted to the jury and resolved against appellant. We find the evidence sufficient to sustain the verdict.

Mr. Littrell testified that the merchandise had Skillern's labels which were not identifiable by store but further testified that he had just set up the special display and he himself replaced the merchandise that was taken from the counter and it "* * * fit in so perfectly that it went back in the deal just like I—it just went back in that deal and fit like a glove on your finger."

The prior convictions alleged for enhancement were proved and admitted by appellant who also testified that he had been convicted and gone to the penitentiary four times.

Appellant's first ground of error is overruled.

■ His second ground of error relates to the remark of the Assistant District Attorney in his closing argument on the question of guilt or innocence wherein he stated: "I say this much; the habitual laws in this state, it seems to me, were designed * * *," at which point appellant's counsel made objection which the court sustained and the jury was instructed to disregard "anything about habitual laws," but a motion for a mistrial was overruled.

There was evidence before the jury when the complained of remarks were made, some of which was elicited by appellant's counsel, to the effect that appellant had been previously convicted of five different offenses involving the unlawful acquisition of another person's property and appellant had testified:

"Q. Okay, Arnold. Now actually, what it boils down to is that this jury has a choice, actually, just to send you back over there to County Jail and let you sit around for two years or send you down to the penitentiary for life, isn't it?

"A. That's right.

"Q. And you have been convicted, actually, of five different felony cases?

"A. I pleaded guilty to four."

The trial court did not err in refusing to declare a mistrial.

The judgment is affirmed.